THE PEOPLES NATIONAL BANK OF CHARLOTTESVILLE, VIRGINIA, ADMINISTRATOR C. T. A., AND GEORGE J. ROBERTS, EXECUTOR OF MARTHA ROBERTS FARISH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89594.   Promulgated March 7, 1939.

*H. W. Walsh, Esq.*, and *Lyttelton Waddell, Esq.*, for the petitioners.

*Irving M. Tullar, Esq.*, for the respondent.

### OPINION.

SMITH: The respondent has determined a deficiency for 1934 of $227.64 in the income tax of Martha Roberts Farish, deceased, of whose estate the petitioners are the administrator c. t. a. and the executor.   Only $133.57 of the deficiency determined by the respondent is in controversy.

The sole question in issue is whether a net capital loss sustained during the taxable year by the trust estate, of which the taxpayer was a life beneficiary with a general power of appointment as to all of the trust assets, is deductible in computing the amount of the trust income distributable to and taxable to the beneficiary.   The facts are not in dispute.

During the year 1934 the taxpayer was the life beneficiary and sole distributee of the income of a trust estate created in 1929 by her brother, George J. Roberts.   The trust agreement provided that the income of the trust, after payment of taxes and expenses chargeable to income, should be paid to Martha Roberts Farish for life and that:

ARTICLE III. The said Martha Roberts Farish shall have the right to dispose by will of the Trust Fund, and, if she die intestate as to the Trust Fund, then it shall be divided among those who, at the death of the said Martha Roberts Farish, are her heirs at law and distributees under the Virginia statutes for Descents and Distributions as then in effect.   *   *   *

During the year 1934 the trustee disposed of certain securities belonging to the trust estate at a net capital loss to the trust of $3,230.67. In an amended return filed on behalf of the trust estate for 1934 the trustee deducted $2,000 of such net capital loss, being the full amount allowable under the statutory limitation on capital loss deductions, and reported a net income of $8,469.89.   The respondent has determined that the life beneficiary is taxable on all of the dis-

tributable income of the trust, without the benefit of any deduction on account of the net capital loss sustained by the trust estate.

The respondent's determination is in accord with the decisions of the Board and of the courts in *Baltzell* v. *Casey*, 1 Fed. (2d) 29; affd., *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; certiorari denied, 268 U. S. 690; *Ardenghi* v. *Helvering*, 100 Fed. (2d) 406, affirming 37 B. T. A. 345; *Abell* v. *Tait*, 30 Fed. (2d) 54; *T. Rosslyn Beatty*, 28 B. T. A. 1286; *County National Bank & Trust Co. of Santa Barbara, Executor*, 39 B. T. A. 357, and other cases of like import. In *County National Bank & Trust Co. of Santa Barbara, Executor, supra*, the taxpayer was the sole beneficiary of an estate in process of administration, which has the same taxable status as a trust estate, and was also the sole heir and devisee in respect of the trust assets. We held nevertheless that the trust estate and the beneficiary were separate tax entities and that, although the beneficiary had a vested interest in the assets of the trust estate, he was not entitled to a deduction in his individual return of the capital losses sustained upon the sale of the trust assets.

There is a provision in the Revenue Act of 1934, section 24 (b), specifically denying to holders of life or terminable interests any deduction for losses to the trust estate such as the one here under consideration. This provision of the statute is as follows:

SEC. 24. ITEMS NOT DEDUCTIBLE.

\* \* \* \* \* \* \*

(b) HOLDERS OF LIFE OR TERMINABLE INTEREST.—Amounts paid under the laws of any State, Territory, District of Columbia, possession of the United States, or foreign country as income to the holder of a life or terminable interest acquired by gift, bequest, or inheritance shall not be reduced or diminished by any deduction for shrinkage (by whatever name called) in the value of such interest due to the lapse of time, nor by any deduction allowed by this Act (except the deductions provided for in subsections (1) and (m) of section 23) for the purpose of computing the net income of an estate or trust but not allowed under the laws of such State, Territory, District of Columbia, possession of the United States, or foreign country for the purpose of computing the income to which such holder is entitled.

Petitioners make the argument that the taxpayer's interest in the trust assets here was more than a mere life or terminable interest; that by reason of the life interest coupled with the general power of appointment she had such an interest in the assets themselves that a loss to the trust estate was a personal loss to her.

Just what was the nature and extent of the interest in the trust assets which the general power of appointment conferred on the taxpayer? In *Carver* v. *Astor*, 4 Pet. 1, it was said that "a power to dispose of land in the seisin of a third person, is, in no just sense, an estate in the land itself." Unless and until a power of appoint-

ment is exercised by the donee the property subject to the power does not become a part of the donee's estate. *Jones* v. *Clifton*, 101 U. S. 225; *United States* v. *Field*, 255 U. S. 257. The Court said in *Jones* v. *Clifton*, *supra*, that a power of revocation and appointment to other uses contained in a deed of conveyance "is not an interest in the property which can be transferred to another, or sold on execution, or devised by will. * * * Nor is the power a chose in action. It did not, therefore, in our judgment constitute assets of the bankrupt which passed to his assignee."

It is a commonly accepted rule that where a general power of appointment is exercised, equity will regard the property appointed as a part of the donee's assets for the purpose of paying his creditors, in preference to the claims of the voluntary appointees, "but the mere existence of the power does not of itself vest any estate in the donee," and, "whether the power be or be not exercised, the property that was subject to the appointment is not subject to distribution as part of the estate of the donee." *United States* v. *Field*, *supra*.

Thus, it is clear that the power of appointment reposing in the taxpayer during the taxable year added nothing to her interest in the trust assets which would entitle her, any more than as a mere life beneficiary, to the benefit of a deduction of the capital losses sustained by the trust estate. See *County National Bank & Trust Co. of Santa Barbara, Executor, supra.*

*Judgment will be entered under Rule 50.*